## COLLINS v. FOWLER.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

CONTRACTS—WORK AND LABOR—MATERIALS FURNISHED—EVIDENCE—AGENCY.
    Where a third person was employed to superintend work to be done for defendant, and was to be paid 10 per cent. on the wholesale cost thereof, and was to use his discretion as to where he should get the work done, and he employed plaintiff, who furnished the materials and did the work, defendant was liable to plaintiff for the reasonable value of the work, and it was immaterial that the third person at the time was in plaintiff's employ, defendant being aware of that fact.
    Patterson, J., dissenting.

Appeal from judgment on report of referee.

Action by Kate J. Collins against Anderson Fowler. From a judgment in plaintiff's favor, defendant appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Henry Wilson Bridges, for appellant.
Nathaniel Cohen, for respondent.

INGRAHAM, J. The action was brought to recover for materials and labor furnished by the plaintiff in decorating and furnishing the defendant's house. The plaintiff claims a balance of $1,963.43, and the referee awarded her judgment for the full amount of the claim. There is no dispute but that the work charged for was performed and the materials furnished. The main question litigated was as to whether the plaintiff was employed to do the work, or whether one Kreeble was so employed. The plaintiff's evidence tended to show that the contract was made with Kreeble, who was employed to superintend the work, and was to receive therefor a commission of 10 per cent. upon the cost of the work. The plaintiff furnished the materials and actually did the work under the direction of Kreeble. The referee accepted the contract as testified to by the plaintiff's witness, and his finding upon that question is

sustained by the evidence. We must assume, therefore, that Kreeble was employed to do the work upon the terms testified to by him as follows:

"I was to superintend the work in his [defendant's] interest, and take ten per cent. on the wholesale cost of what I could get the work done for. I was to get the work done wherever I could get it done best for his interest. If I could get it done better at Sloane's, I was to go to Sloane's instead of Arnold's, and was to employ the people I could get to do the work to the best advantage."

At this time Kreeble was employed by the plaintiff as her "private secretary," the plaintiff's business being that of decorating and furnishing houses. This fact was, however, known to the defendant, and he also knew that the plaintiff was furnishing the materials and doing the work, and he, with such knowledge, allowed the work to proceed, and paid plaintiff $10,000 on account of the work and materials furnished by her. He cannot, therefore, complain that the work was done by the house in which Kreeble was employed at the time that the contract was made. It also appears that a considerable quantity of the goods that were charged for by the plaintiff were purchased by Kreeble from other houses, sent to the plaintiff, and paid for by her, and then used in furnishing the defendant's house; but these goods had to be put in position on the walls, made into curtains, used in covering furniture, or used in other ways in decorating and furnishing the house; and the charges of the plain-tiff were for the completed work, which involved not only the material purchased or furnished by the plaintiff, but the labor that was performed in relation thereto. What the plaintiff charged for was the completed work, that included the materials furnished as well as the labor required, and for that the plaintiff was entitled to be paid its value. It is true that Kreeble was required, under the contract, to procure that work to be done as reasonable as possible; but there is no evidence to show that he acted in bad faith, or that he could have procured this work to be done at other houses at a less price. As before stated, the defendant had knowledge of the fact that Kree-ble was in the employ of the plaintiff, and that the plaintiff did the work. Adopting the form of employment as found by the referee, the defendant was liable for the reasonable value of the work and materials furnished by the plaintiff. I think, taking all the evidence together, the finding of the referee as to the value of the work was sustained. Kreeble testified as to the value of the work, and so did the plaintiff. They are both interested witnesses, but the weight to be given to the testimony was for the referee to determine. Kreeble swore that certain tapestries purchased from Sloane's were worth $12 a yard, while a salesman from Sloane's testified that they were sold to the plaintiff at $8 a yard; but there is evidence that on none of the materials purchased by Kreeble did the plaintiff charge any profit. Upon the whole case I think there is evidence to sustain the finding of the referee that Kreeble was employed as agent for the defendant in having this work done, and, acting under that employ-ment, he procured the plaintiff to do the work, and that the amount charged for the work done was its reasonable and fair value. There

are quite a number of exceptions to the ruling on questions of evidence, but none are relied upon by the appellant, and I have discovered none that would justify a reversal of the judgment.

It follows that the judgment should be affirmed, with costs. All concur, except PATTERSON, J., who dissents.